**FILED & ENTERED**

**FEB 05 2024**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** vandenst **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>KODY BRANCH OF CALIFORNIA, INC.,<br><br>Debtor. | Case No. 2:17-bk-23722-RK<br><br>Chapter 7<br><br>Adv. No. 2:19-ap-01466-RK<br><br>**MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RIGHT TO ATTACH ORDER AND ISSUANCE OF WRIT OF PREJUDGMENT ATTACHMENT**<br><br>**Vacated Hearing** |
| WESLEY H. AVERY, Chapter 7 Trustee,<br><br>Plaintiff,<br>vs.<br><br>GIA PHU GARMENT FASHION CO.,<br><br>Defendant. | Date:   February 13, 2024<br>Time:   1:30 p.m.<br><br>Place:  Courtroom 1675<br>        Roybal Federal Building<br>        255 East Temple Street<br>        Los Angeles, California   90012 |

  Pending before the court in this adversary proceeding is the motion of Plaintiff Second Generation, Inc. (Plaintiff), for right to attach order and issuance of writ of prejudgment attachment (motion) now scheduled for hearing before the court on February 13, 2024.  Plaintiff is the successor-in-interest to Wesley H. Avery, Chapter 7

-1-

Trustee, the original plaintiff in this adversary proceeding, having purchased the rights to prosecute this adversary proceeding asserting claims under 11 U.S.C. § 547 to avoid alleged preferential transfers of $170,076.17 on or about November 2, 2017 and of $351,623.43 on or about November 6, 2017 to Defendant Gia Phu Garment Fashion Co.  The trial in this adversary proceeding is currently scheduled for March 27, 28 and 29, 2024.

After the court orally indicated at a prior hearing that it would grant in part and deny in part Plaintiff's motion for partial summary judgment that the uncontroverted facts established a *prima facie* case on its preference claims, but that there were genuine issues of material fact to be tried on Defendant's asserted defenses under 11 U.S.C. § 547(c )(1) and (2) for contemporaneous exchange of new value and transfers made in the original course of business, Plaintiff filed the motion now before the court seeking an order granting it the right to attach Defendant's interest to a distribution on its proof of claim filed in this bankruptcy case and issuance of a writ of attachment in its favor and against Defendant in the amount of $521,699.60 pursuant to Federal Rule of Bankruptcy Procedure 7064, making applicable Federal Rule of Civil Procedure 64, Local Bankruptcy Rules 7064-1 and 9013-1 and California Code of Civil Procedure 484.010, 484.090 and related authority.

Plaintiff's motion was filed and served electronically on December 19, 2023, and in its motion, Plaintiff had noticed the hearing on the motion for January 9, 2024. Defendant filed an opposition to the motion on December 26, 2023.  Plaintiff filed its reply to the opposition on January 2, 2024.  On January 8, 2024, the court issued an order continuing the hearing on the motion from January 9, 2024 to January 30, 2024 on grounds that Plaintiff failed to give sufficient notice of the motion as California Code of Civil Procedure §§ 484.040, 1005(a) and (b) and 482.070 requires 16 court days for notice of hearing of such a motion, plus 2 days for facsimile, express mail or overnight delivery, and Plaintiff's notice was short 6 days.  An attachment under California law is purely statutory, and as such, the attachment statutes are strictly construed.  *VFS*

*Financing, Inc. v. CHF Express, Inc.,* 620 F.Supp.2d 1092, 1095 (C.D. Cal. 2009); *see also, Ponsonby v. Sacramento Suburban Fruit Lands Co.*, 210 Cal. 229, 232 (1930); *Stowe v. Matson*, 94 Cal.App.2d 678, 683-684 (1949).  Accordingly, the court strictly construed these statutory notice requirements, concluding that under California Code of Civil Procedure §§ 484.040 and 1005(a) and (b), the court may not issue a right to attach order or writ of attachment without a hearing in compliance with these provisions for notice on the defendant.

On January 17, 2024, the court issued its tentative ruling on the motion and ordered that the parties may file briefing in response to the tentative ruling on or before January 23, 2024.  No party filed supplemental briefing in response to the tentative ruling by the deadline of January 23, 2024.  By stipulation and order filed and entered on January 29, 2024, the hearing on the motion was continued from January 30, 2024 to February 13, 2024.[1]  Pursuant to Local Bankruptcy Rule 9013-1(j)(3), the court hereby determines that oral argument on the motion is not necessary, dispenses with it, takes the motion under submission, vacates the hearing on February 13, 2024 and makes the following ruling on the motion.

Whether a preference claim under 11 U.S.C. § 547 may serve as the basis for a prejudgment attachment under California law appears to be an issue of first impression.  Neither party in its briefing so far has cited any case law holding that a prejudgment attachment may be based on a preference claim to meet the requirement of California Code of Civil Procedure § 483.010(a) that an attachment "may be issued only in an action on a claim or claims for money, each of which is based upon a contract, express or implied . . . ."

Defendant argues that attachment is not appropriate because strictly speaking,

---

[1] The court acknowledges that the parties may be settling their litigation dispute as they stipulated with the Chapter 7 Trustee in the main bankruptcy case to allocations from the anticipated distribution on Defendant's proof of claim filed in the bankruptcy case to Plaintiff in part and Defendant in part.  On February 2, 2024, the court approved the stipulation filed in the bankruptcy case on February 1, 2024   However, the parties have not filed a dispositive stipulation to resolve this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7041 or otherwise, and the adversary proceeding remains unresolved and pending as the trial is still scheduled for March 27-29, 2024.

Plaintiff as the purchaser of the trustee's preference claim is asserting a claim based on the trustee's avoiding powers under 11 U.S.C. § 547 and not as the successor to the debtor's interest in the bankruptcy estate under 11 U.S.C. § 541, that is, a claim of the debtor for breach of contract if somehow defendant breached a contract with the debtor for purchase and sale of goods.  Opposition at 3-4, *citing, Miller v. Kirkland & Ellis LLP (In re IH 1, Inc.*), 2016 Bankr. LEXIS 4601, slip op. at *13 and n. 109 (Bankr. D. Del. Sept. 28, 2016), *citing Official Committee of Unsecured Creditors v. R.F. Rafferty & Co., Inc.,* 267 F.3d 340, 356 (3rd Cir. 2001), citing, 3 *Collier on Bankruptcy*, ¶ 323.03[2] (15th rev. ed. 2001).  Strictly speaking, this case does not involve a breach of contract in the conventional sense as there is no factual dispute that defendant shipped and sold goods to the debtor, which in turn made payments for such goods.  However, these payments are at the center of the dispute between the parties in this adversary proceeding as they are alleged by plaintiff to be avoidable preferential transfers.

In its reply, Plaintiff responds to this argument of Defendant that the transfers sought to be avoided are based on a contract for goods sold and that an equitable claim to recover money that was paid on a contract is an action where an attachment may be granted.  Reply at 3, citing *McCall v. Superior Court,* 1 Cal.2d 527, 534-536 (1934); *Stanford Hotel Co. v. M. Schwind Co.*, 180 Cal. 348, 351-353 (1919); and *Bennett v. Superior Court*, 218 Cal. 153, 161 (1933).  Plaintiff argues in the reply that "in this case, the gravamen of the Plaintiff's complaint is that the Plaintiff is seeking to recover a specific sum of money which is based upon the contract for goods between the Debtor and the Defendant---incidentally utilizing the equitable powers of the Bankruptcy Court under federal law."  Reply at 3-4.  According to Plaintiff, "Defendant fails to cite any case that analyzes C.C.P. § 483.010(a)(or its predecessor statute) or analyzes what claims may be considered as "based on a contract."  Reply at 4.

The claim as alleged in the complaint is a claim to avoid preferential transfers under 11 U.S.C. § 547.  A preference claim promotes a central policy of the Bankruptcy Code for equality of distribution among creditors, that is, creditors of equal priority

should receive pro rata shares of the debtor's property in the bankruptcy estate. *See Begier v. I.R.S.,* 496 U.S. 53, 57 (1990). As the United States Supreme Court observed in *Begier v. I.R.S*, "Section 547(b) furthers this policy by permitting a trustee in bankruptcy to avoid certain preferential payments made before the debtor files for bankruptcy" and "[t]his mechanism prevents the debtor from favoring one creditor over others by transferring property shortly before filing for bankruptcy." *Id.* In *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), the United States Supreme Court recognized that actions to recover preferential or fraudulent transfers were actions for monetary relief bought at law as suits at common law, entitling a party to demand a jury trial under the Seventh Amendment unless that party had invoked the equitable jurisdiction of the Bankruptcy Court by filing a proof of claim. *Id*. at 43-63. However, since Plaintiff has filed a proof of claim in this bankruptcy case (Claim No. 10, as amended on October 19, 2021, in the amount of $4,393,388.49), invoking the Bankruptcy Court's equitable jurisdiction, under the rationale of *Granfinanciera*, there is no jury trial right as to the preference claim here. *See, id; see also,* Federal Rule of Evidence 201 (the court takes judicial notice of its records, including the filing of Plaintiff's proof of claim filed in the bankruptcy case as reflected on the case docket).

      Regarding the issue whether a claim was legal or equitable to entitle a party to an attachment under California law, as the California Supreme Court in *Stanford Hotel Co. v. M. Schwind Co.*, in interpreting California Code of Civil Procedure § 357(1), the predecessor statute to California Code of Civil Procedure § 481.010(a), stated:

> Hence it is not necessary in order to uphold the writ of attachment to establish the proposition that the action is either legal or equitable. What must be established is that the action is based upon contract, either express or implied, for the direct payment of money. It is clear that this action addresses itself to both the legal and equitable powers of the court. But that circumstance will not operate to deny the plaintiff a writ of attachment if he is seeking recovery upon the breach of such contract.

180 Cal. at 352.

      The salient question then is whether the action is based upon contract, either

express or implied, for the payment of money in order to support Plaintiff's claim for attachment under California Code of Civil Procedure § 484.010(a).  Plaintiff's preference claim under 11 U.S.C. § 547 sounds in tort rather than in contract because "it seeks damages for violation of a statutory duty," that is, not to make transfers of the debtor's property preferring one creditor over the others.  *See, Pinter v. Ong,* 211 Cal.App.3d 837, 842 (1989); *see also, Cate v. Stapleton,* 43 Cal.App.2d 492, 493-496 (1941) (holding that a preference claim under the former Bankruptcy Act sounded in tort rather than contract for purposes of determining venue under California Code of Civil Procedure § 395).

In *Pinter v. Ong,* the defendants argued on appeal that plaintiffs' claim for damages under California Civil Code § 2941 for failure of defendants as assignees of the beneficiary of the trust deed for their refusal to execute and deliver to the trustee a request for full conveyance was contractual after plaintiffs had satisfied their obligation under the trust deed was a contractual claim and did not permit damages for emotional distress.  The appellate court in *Pinter v. Ong* affirmed the trial court, holding that the claim for damages "is in tort rather than contract because it seeks damages for violation of a statutory duty."  211 Cal.App.2d at 841, *citing, Young v. Bank of America*, 141 Cal.App.3d 108, 113 (1983).  The court stated: "Accordingly, we apply the general rule of tort damages, namely, that all detriment proximately caused by breach of a legal duty is compensable, including damages for emotional distress."  *Id.* at 841-842, *citing,* California Civil Code § 3333; *Crisci v. Security Insurance Co.,* 66 Cal.2d 425, 433 (1967); and *Young v. Bank of America,* 141 Cal.App.3d at 111.  One of the arguments made by defendants and rejected by the appellate court in *Pinter v. Ong* was damages from liability created by a statute was "quasi-contractual", and thus limited to damages in an action on the underlying contract, but the court rejected that argument because plaintiffs sued for compensatory damages which sounded in tort.  *Id.* at 844 (citation omitted).

In *Cate v. Stapleton,* the appellate court reversed the trial court which had denied

the motion of defendants to transfer venue of a bankruptcy trustee's preference action in state court in Fresno County under California Code of Civil Procedure § 395 to the county of their residence in the City and County of San Francisco.  43 Cal.App.2d at 493-496.  As the appellate court observed in *Cate v. Stapleton* under California Code of Civil Procedure § 395, the county in which one of the defendants resides is the proper county for the trial of this action unless it is one where "a defendant has contracted to perform an obligation in a particular county," in which case it may be tried in that county, subject to exceptions which are not material here."  *Id*. at 494.

As noted by the appellate court in *Cate v. Stapleton*, the bankruptcy trustee argued that:

> . . .statutory obligations or liabilities are contractual, relying on such cases as *Winchester v. Howard*, 136 Cal. 432, 64 P. 692, 69 P. 77, 89 Am.St.Rep. 153 [(1902)]; *Dean v. Shingle*, 198 Cal. 652, 246 P. 1049, 46 A.L.R. 1156 [(1926)]; *Thomas v. Wentworth Hotel Co.*, 158 Cal. 275, 110 P. 942, 139 Am.St.Rep. 120 [(1910)]; *Kennedy v. California Sav. Bank*, 97 Cal. 93, 31 P. 846, 33 Am.St.Rep. 163 [(1892)]; *Marshall v. Wentz*, 28 Cal.App. 540, 153 P. 244 [(1915)]; *Bliss v. Sneath*, 103 Cal. 43, 36 P. 1029 [(1894)]; *County of San Luis Obispo v. Gage*, 139 Cal. 398, 73 P. 174 [(1903)]; *Chapman v. Jocelyn*, 182 Cal. 294, 187 P. 962 [(1920)]; and *Hollywood, etc., v. Keyes*, 12 Cal.App. 172, 107 P. 129 [(1909)], in which cases it has been held, in general effect, that parties will be deemed to have incorporated into their agreements the statutes which affect the matters concerning which they have contracted."

*Id.* at 494.

As the appellate court further noted in *Cate v. Stapleton*, the bankruptcy trustee had "argued that during the period of its insolvency this bankrupt corporation and its officers held its assets in trust for the benefit of its creditors and its stockholders, that if the defendants received any of these assets during that time there was an implied promise on their part to repay and return such trust property, and that this action is based upon that obligation which the defendants impliedly agreed to perform in Fresno county."  *Id.*

Rejecting the bankruptcy trustee's arguments that all statutory obligations are contractual in nature, the appellate court in *Cate v. Stapleton* stated:

Not all statutory obligations or liabilities are contractual, although in many cases, notably those involving the rights and liabilities of stockholders and officers of corporations, a party is deemed to contract in view of existing statutes, even to the extent that these become a part of his contract. Moreover, a contract has often been implied in order to provide a remedy where one would otherwise not exist. In the instant case a remedy is expressly provided by statute and it is not necessary to rely upon any theory of implied contract. Obviously, there is a difference between accepting the provisions of a statute as a part of a contract which is being entered into and the doing of something which a statute expressly forbids. It is well settled that actions based on obligations created by statute may or may not be contractual in nature.

In 6 California Jurisprudence, page 24, it is said: "It may be conceded that there are obligations arising by operation of law which do not also come within the class of obligations arising from contract; but it must also be admitted that there are obligations which, in a certain sense, arise from the operation of law, and at the same time are in substance and effect contracts—that there are liabilities which although arising from statute may nevertheless be contracts. Contracts may be made or evidenced by a statute, and by conduct ensuing thereupon, as well as by other means or evidence. The statute itself, coupled with the subsequent performance of the conditions, furnishes all the elements which are necessary to the formation and existence of an implied contract. There is a clear distinction between such a case and one in which an implied contract is raised by the law out of pure necessity and merely to provide a remedy.

*Id.* at 494-495, *citing, Walker v. McCusker,* 65 Cal. 360 (1884); *Talcott Land Co. v. Hershiser,* 184 Cal. 748 (1921); and *Mudge v. Steinhart,* 78 Cal. 34 (1888).

Regarding the bankruptcy trustee's preference action, the appellate court in *Cate v. Stapleton* stated:

The provisions of the Bankruptcy Act here in question are in fact not based upon any contractual obligation, but upon the theory that a wrongful act has been committed which interferes with the rights of other creditors. It has been held that it is not necessary to show that there was any agreement or arrangement between the parties to the preference. *Gabriel v. Tonner*, 138 Cal. 63, 70 P. 1021 [(1902)]. In practical effect the action sounds more in tort than in contract, being based upon the wrongful act of the parties, resulting in harm to others, when they had knowledge of the conditions at the time they acted. The duty to return the property arises from the express provisions of the statute irrespective of any contract, express or implied. In so far as any contractual relationship is concerned, rather than being based upon the performance of an obligation, the action is more in the nature of one to set aside a contract as expressly forbidden by the statute under the existing circumstances. For these reasons we hold that the obligation of these defendants, if any, to return the proceeds of the preference obtained by them, was not one which they had

contracted to perform in Fresno county, within the meaning of section 395 of the Code of Civil Procedure.

*Id.* at 496.

Accordingly, the appellate court in *Cate v. Stapleton* reversed the judgment of the trial court denying the motion to transfer venue because the trustee's preference claim sounded in tort, not contract, and could not be the basis for maintaining venue in a county different from the residence of the defendant based on a contractual act. *Id.* at 494-496.

As previously stated, the California attachment law is purely statutory and strictly construed. *VFS Financing, Inc. v. CHF Express, Inc.,* 620 F.Supp.2d at 1095; *see also, Ponsonby v. Sacramento Suburban Fruit Lands Co.*, 210 Cal. at 232; *Stowe v. Matson*, 94 Cal.App.2d at 683-684. Also, as previously observed, a preference claim promotes a central policy of the Bankruptcy Code for equality of distribution among creditors, and 11 U.S.C. § 547 furthers this policy by permitting the bankruptcy trustee to avoid certain prepetition preferential payments made by the debtor in order to prevent the debtor from favoring one creditor over the others. *See Begier v. I.R.S.*, 496 U.S. at 57.

Plaintiff's preference claim under 11 U.S.C. § 547 is not "based on any contractual obligation, but upon the theory that a wrongful act has been committed which interferes with the rights of other creditors". *Cate v. Stapleton*, 43 Cal.App.2d at 496 (holding that a preference claim under the former Bankruptcy Act sounded in tort rather than in contract determining venue under California Code of Civil Procedure § 395). In discussing why the court in *Cate v. Stapleton* held that the basis of a preference claim is tortious rather than contractual and thus that a venue provision based on where a contract was performed was not applicable, it cogently stated:

> . . . In practical effect the action sounds more in tort than in contract, being based upon the wrongful act of the parties, resulting in harm to others, when they had knowledge of the conditions at the time they acted. The duty to return the property arises from the express provisions of the statute irrespective of any contract, express or implied. In so far as any contractual relationship is concerned, rather than being based upon the performance of an obligation, the action is more in the nature of one to set aside a contract as expressly forbidden

by the statute under the existing circumstances.

*Id.* That is, as stated by another California appellate court, "an action sound[s] in tort rather than in contract because it seeks damages for a violation of a duty imposed by statute." *Young v. Bank of America*, 141 Cal.App.3d 108, 113 (1983). Plaintiff's preference claim seeks damages for a violation of the duty imposed by the Bankruptcy Code in 11 U.S.C. § 547 not to receive a transfer from the debtor which is preferential as to other creditors. Although the observations of the court in *Cate v. Stapleton* related to a preference claim under the former Bankruptcy Act, it does not appear that the underlying policy for preference claims changed when the modern Bankruptcy Code was adopted in 1978, the *Cate v. Stapleton* court's observations that a preference claim as tortious rather than contractual in seeking damages for violation of a statutory duty are thus applicable here. *See* Countryman, "The Concept of a Voidable Preference in Bankruptcy," 38 *Vanderbilt Law Review* 713 (May 1985) (accessed online on Lexis/Nexis on January 3, 2024). The court has not found any case law that contradicts the observations in *Cate v. Stapleton* that a preference claim is tortious, and not contractual, in nature, and such observations are consistent with the nature and purpose of a preference claim under 11 U.S.C. § 547 to provide for damages for violation of the statutory duty imposed by the Bankruptcy Code on creditors and other transferees not to engage in, or receive, transfers from a bankruptcy debtor that are preferential as to other creditors as recognized in the jurisprudence on preferential transfers, such as *Begier v. I.R.S.* as previously discussed.

Because the California attachment statutes are strictly construed, including the requirement that under California Code of Civil Procedure § 483.010 that a claim must be contract-based for an attachment, Plaintiff's attachment motion based on its preference claim must be denied because attachment under applicable California law does not apply to a noncontract tort-based claim, such as Plaintiff's preference claim. *See, e.g., Stowe v. Matson,* 94 Cal.App.2d at 683 ("An attachment may not issue in an

-10-

action founded on tort . . . ."). [2]

For the foregoing reasons, the court denies Plaintiff's motion for right to attach order and issuance of writ of prejudgment attachment.

IT IS SO ORDERED.

### 

Date: February 5, 2024

Robert Kwan
United States Bankruptcy Judge

---

[2] The court set forth its conclusions in its tentative ruling issued on January 8, 2024. The parties were afforded the opportunity to submit supplemental briefing regarding the tentative ruling, but no party filed any supplemental briefing responsive to the court's tentative ruling by the deadline of January 23, 2024.

-11-